ADAM L. MILLS *et al.*, appellants, *v.* THE COUNTY COMMIS-
SIONERS OF ST. CLAIR COUNTY, appellees.

*Appeal from Jackson.*

It is a principle of the common law, that ferries are *publici juris*, and can be granted by the sovereign power. Riparian possessors are not, by virtue of such possession, entitled to the ferry franchise.

The statute of this State, in relation to ferries, gives to the owners of land adjoining to, or embracing the water course over which a ferry is proposed to be established, a preference over others, provided the privilege shall not have been granted to any other person; thus clearly recognising the common law principle, and implying a power in the public to make a grant of the privilege to persons other than the owners of the land.

Possession of a ferry franchise, for a less term than twenty years, is not evidence of a grant, or of a right to the same.

In assessing the damages which the owners of land taken for a public road and ferry landing, under the "*Act to authorize St. Clair County to establish a Ferry across the Mississippi River,*" may sustain, neither the value of the ferry of such owners, across the same river, or of the ferry privilege, are to be taken into consideration.

THE proceedings in this cause, in the Jackson Circuit Court,

were had at the April term, 1840, before the Hon. Walter B. Scates.

S. T. LOGAN, for the appellants.

LYMAN TRUMBULL, for the appellees.

BREESE, Justice, delivered the opinion of the Court:

On the 2d day of March, 1839, the legislature passed an act, entitled "*An Act to authorize St. Clair County to establish a Ferry across the Mississippi River.*" (1) Commissioners were appointed, by the act, to examine the ground, and locate a road and ferry landing between Cahokia creek and the Mississippi river, opposite St. Louis, three hundred feet wide, on the most eligible ground for that purpose, and to report their proceedings to the County Commissioners' Court of St. Clair county; and the road and ferry landing, when so located, was to be and remain a public highway forever. The second section of the act authorizes and empowers that Court to cause the land on which the road and ferry landing should be located, to be condemned, and to pay to the legal owner or owners of the land, the damages sustained thereby, by the owner or owners, and after the land was condemned, and the damages paid out of the funds of the county, that Court was empowered, by their agents, or otherwise, to enter upon the land so condemned, and establish a ferry across the Mississippi river. The third section provides, that for the purpose of ascertaining the compensation to the legal owner or owners of the land thus appropriated for public use, the sheriff of said county is required to summon twelve good and lawful men, who, being sworn by him, shall, in view of the land, certify the amount of damages which such owner or owners may sustain by reason of the location of the road and ferry landing, and return the same to the County Commissioners' Court, to be there filed. An appeal is allowed from the assessment, by either party, to the Circuit Court, and upon notice of such appeal, the sheriff is required to file all proceedings before him, in the clerk's office of that Court, and the Circuit Court is required to make a new assessment, by a jury, in a summary manner, "which shall be final and conclusive between the parties." The assessment was made in pursuance of the statute, from which the appellants appealed to the Circuit Court of St. Clair county. A subsequent act authorized a change of venue, in such cases, and on application of the appellants, the cause was sent to Jackson county. A trial was there had, and a verdict rendered in favor of the appellants, for $600, upon which the following entry was made by the Court: "It is, therefore, ordered by the Court, that the clerk certify to the County Commissioners' Court of St. Clair county, a copy of this order, and also the damages and costs herein."

(1) Laws of 1839, 175.

On the trial of the cause, the appellants, as appears by the bill of exceptions, proved that they had been for seven years in peaceable possession of said land, as well above as below, being the same on which the St. Louis ferry is and has been located, and that they derived their possession immediately from one Samuel Wiggins, who had also been in continued and peaceable possession ever since the witness knew the land, which was six years before said appellants got possession. They then asked the witness, what was the value of said ferry on said land occupied and used by them ; to which question the county of St. Clair, by their counsel, objected, and the objection was sustained by the Court— the Court deciding that the appellants could not enquire into the value of said ferry, or as to any injury done to said ferry privilege. They also asked the Court to instruct the jury, that in estimating the damages to the land appropriated for the road and ferry landing, they will take into consideration the damages done to the ferry rights of the owners of the land over which said road passes, and if they believe, from the evidence, that the owners of the land in question, are now in possession and use of a ferry, and that the appropriation and use of said road and ferry landing, by the county of St. Clair, will injure the use of said ferry rights, and lessen the value of the land, they will take said damage and injury into consideration ; which several instructions the Court refused to give, to which the appellants excepted, and have appealed to this Court, and assign for error such refusal.

It might, perhaps, be questioned, whether an appeal can be taken to this Court, in a case like this. The practice act (1) provides, that " Appeals from the Circuit Courts to the Supreme Court, shall be allowed in all cases where the judgment or decree appealed from, be final, and shall amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold." Under this act, there must be some judgment of the Court, before an appeal can be taken. Here there does not appear to be any ; the Court does not pass upon the assessment of damages, by rendering a judgment for the amount found by the jury, but directs the amount of it to be certified to the County Commissioners' Court of St. Clair county. But passing by this point, there being no motion to dismiss the appeal, we will proceed to the consideration of the questions arising out of the evidence given above, and the instructions asked for by the appellants, and refused by the Court.

To ascertain the propriety of the instructions asked for, we must consider, admitting that the appellants exhibited sufficient proof of title to the land, what their ferry rights, as owners of land bordering upon a water course declared navigable by law, are.

It is a principle of the common law, that ferries are *publici juris*, and can be granted by the sovereign power. If this be admitted,

(1) R. L. 494; Gale's Stat. 535.

it follows that riparian possessors are not thereby entitled to the franchise.

Has our statute changed this principle? The "*Act to provide for the establishment of Ferries, Toll Bridges and Turnpike Roads,*" (1) gives to the owners of land adjoining to, or embracing the water course over which a ferry is proposed to be established, a preference over others, provided the privilege shall not have been granted to any other person; thus clearly recognising the common law principle, and implying a power in the public to make the grant to persons other than the owners of the land.

All the proof exhibited by the owners of the land, the appellants, of a right to this ferry franchise, was possession in themselves, and in Wiggins, under whom they claimed, of thirteen years only. No license was shown, and no grant, and we are satisfied that the proof shown was not sufficient; less than twenty years possession by which a grant might be presumed, would not avail.

An injury, then, to a right which was not proved to exist in the appellants, as owners of the land, could not be a proper subject of enquiry.

We are, therefore, of opinion, that the Circuit Court decided right in refusing the instructions, and accordingly affirm the judgment with costs.

*Judgment affirmed.*